# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

WILLIAM G. NEAVES, Respondent, *v.* GEORGE W.
NEAVES, Individually and as Administrator, etc., of
RACHEL H. WILSON, Deceased, and Others, Appellants.

*Will — when a devise to a class includes those only who constituted it at the death of the*
*testator — after-born children cannot take.*

Appeal from a judgment, entered upon the trial of this action
by the court without a jury.

This action was brought to procure a judicial construction of a
will and to compel the defendant, the administrator thereof, to
render an account of his proceedings.

·Rachael H. Wilson died on or about the 8th day of July, 1848,
at the city of Mobile, Alabama, leaving a last will and testament
bearing date July 2, 1848, which will was admitted to probate at
Mobile, and thereafter on the 23d day of July, 1849, was admitted
to probate by the surrogate of the city and county of New York.
On the 8th day of August, 1849, letters of administration, with the
will annexed, were issued to the defendant George W. Neaves.
The clause of the will, for the construction of which this action is
brought, is as follows: After referring to a fund of $7,000 which
then was, and still is, on deposit with the chamberlain of New York
city to the credit of the testatrix, the will says: " Now it is my will
and desire that the said sum of seven thousand dollars shall remain
vested and secured as it now is, and that my brother, George Wash-
ington Neaves, who resides in the city and State of New York,
shall receive and have, use and enjoy, in exclusive right and as he
may think fit and desire, the interest as it may accrue on the said
sum of seven thousand dollars until his youngest child shall become
of age, at which time it is my will and desire that the said sum of

seven thousand dollars shall be collected and equally divided between my said brother George and his children." Then follows in the same paragraph, this provision : "And in event my said brother shall die before his youngest child shall become of age, then it is my will and desire that the said sum of seven thousand dollars shall be placed in the hands of some suitable and proper person or persons as trustee or trustees, to be held for the use and benefit of the children of my said brother until the youngest shall become of age, and then it is my will that the said sum of seven thousand dollars shall be equally divided amongst them, the children of my said brother." At the date of the death of the testatrix, George W. Neaves had but two children living, Amelia G. Goodenough, then about five years old, a daughter by his second wife, and the plaintiff, William G. Neaves, then about fourteen months old, by his third. wife. The evidence shows that the testatrix had seen both of these children. George W. Neaves has resided in the State of New Jersey ever since the plaintiff became of age, June 4, 1866, and has collected from the chamberlain the income of said fund, amounting to $7,798.16 ; he has never accounted to any court therefor. George W. Neaves is now living with his fifth wife, and has had in all about nineteen children, of whom eleven are now living.

Justice PRATT, before whom the case was tried, rendered the following opinion : " This will speaks from the date of the death of the testatrix and must be read as if she had, in fixing the time of distribution of the fund, used the words ' until his youngest child (living at my decease) shall become of age.' Under any other construction no time for the vesting of the interest is provided. I do not think the after-born children have any interest in the fund. The claim is not barred by the statute of limitations."

Judgment was entered accordingly, and all defendants, except Amelia G. Goodenough, appealed therefrom to this court.

The court at General Term said : " A devise to a class of persons takes effect in favor of those who constitute the class at the death of the testator, unless a contrary intent can be inferred from some particular language of the will, or from such extrinsic facts as may be entitled to consideration in construing its provisions. (*Campbell* v. *Rawdon*, 18 N. Y., 412.) When the testatrix died her brother George W. Neaves had two children. The youngest child

mentioned in the will was the youngest child living at testatrix death. The plaintiff was such youngest child. When that child became twenty-one the estate was to be divided between George W. Neaves ' and his children.' These children must be those who were *in esse* at the testatrix's death. If the estate was to be distributed upon the youngest child then living becoming of age an intent to include still younger children in the distribution under the general description of ' the children of my said brother ' cannot be drawn from the will itself. There are no extrinsic facts to aid in a construction which will require that result. The testatrix knew that her brother had two children only, and must have intended to create a legal estate in the fund which would not have become vested if it had been made dependent upon the youngest child which might be born of her brother. The limit to a particular youngest child necessarily limited the bequest to the class of children of which the designated one was the youngest.

" We think, therefore, the construction put upon the will at Special Term was correct and the judgment should be affirmed."

*John J. Thompson*, for the appellants.

*J. D. Van Hoevenberg*, for the plaintiff, respondent.

*W. A. F. P. Mulford*, for the defendant Amelia G. Goodenough, respondent.

Opinion by BARNARD, P. J.; DYKMAN, J., concurred; PRATT, J., not sitting.

Judgment affirmed, with costs.